IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LANNY WADE BUEHL, | CV 17-00061-M-DLC-JCL |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| POLSON POLICE DEPT., MICHELLE LEE SCOTT, and DALE RAMESAR, | |
| Defendants. | |

Plaintiff Lanny Buehl filed an "Affidavit Accompanying Motion for Permission to Appeal in Forma Pauperis" (Doc. 1) which the Court has construed as a motion to proceed in forma pauperis. He has also submitted a Complaint alleging Defendants failed to investigate a crime at his home. (Doc. 2.) The motion to proceed in forma pauperis will be granted but because the Complaint fails to state a claim upon which relief may be granted it should be dismissed.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Buehl filed an "Affidavit Accompanying Motion for Permission to Appeal in Forma Pauperis" and a Lake County Property receipt with a money ledger. (Doc. 4.) These filings are sufficient to make the showing required by 28 U.S.C. §1915(a) and the request to proceed in forma pauperis will be granted.

1

Because he is incarcerated, Buehl must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The money ledger filed by Buehl indicates a negative balance of $13.50, therefore, the initial partial filing fee is waived, and Buehl may proceed with the case. *See Bruce v. Samuels*, 136 S.Ct 627, 629 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)"). Buehl will be required to pay the fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Buehl must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Id.* By separate order, the Court will direct the facility where Buehl is held to forward payments from Buehl's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. STATEMENT OF CASE

### A. Parties

Buehl is incarcerated at the Lake County Detention Facility. He names the Polson Police Department, its officer Michelle Lee Scott, and probation officer Dale Ramesar as Defendants. (Complaint, Doc. 2 at 4-5.)

**B. Allegations**

Buehl alleges that on April 24, 2017, after serving a search warrant on his residence, Michelle Scott told Buehl that the door to his house was open and a ladder was up to his sky light and mostly everything was gone from his house.  He argues that Officer Scott and the Polson Police Department did not treat his house as a crime scene, did not recover evidence, and now there is no way to recover his property.  (Complaint, Doc. 2 at 6.)

Buehl also names Dale Ramesar, a probation officer as a Defendant.  He alleges his complaints were sent to Officer Ramesar and they were never handled.  (Complaint, Doc. 2 at 8.)

## II.  INITIAL SCREENING

Buehl is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A.  Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "A case is malicious if it

was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). This rule requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680. There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint

4

stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability.  *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief.  *Iqbal*, 556 U.S. at 679.  A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679 (citation omitted).  If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."  *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## III.  ANALYSIS

"The Due Process Clause of the Fourteenth Amendment provides that '[n]o

5

State . . . shall deprive any person of life, liberty or property, without due process of law.' " *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 194 (1989).  However, nothing in the language of the Due Process Clause "requires the State to protect the life, liberty and property of its citizens against invasion by private actors." *Id.* at 195.  Therefore, state officials have no constitutional duty to protect the public from crime absent a special relationship between the state official and a particular member of the public, which only arises when the State restrains an individual's freedom to act on its own behalf.  *See id.* at 200; *see also Balistreri*, 901 F.2d at 699-700.  Moreover, police officers do not have an affirmative duty to investigate crimes in a particular manner or to protect one citizen from another.  *See Gini v. Las Vegas Metro. Police Dept.*, 40 F.3d 1041, 1045 (9th Cir. 1994).

As such, Buehl has failed to state a claim for relief and his Complaint should be dismissed.

Based upon the foregoing, the Court issues the following:

## ORDER

1.  Buehl's Affidavit Accompanying Motion for Permission to Appeal in Forma Pauperis (Doc. 1) as construed as a motion to proceed in forma pauperis is GRANTED.

6

2.  The Clerk shall remove the word "LODGED" from the docket entry for the Complaint.  (Doc. 2).  The Complaint is deemed filed May 10, 2017.

3.  At all times during the pendency of this action, Buehl MUST IMMEDIATELY ADVISE the Court of any change of address.  A failure to do so may result in the dismissal of the action for failure to prosecute.

Further, the Court issues the following:

## RECOMMENDATIONS

1.  This matter should be dismissed for failure to state a claim.  The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.  The record makes plain the instant Complaint lacks arguable substance in law or fact.

3.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Buehl failed to state a claim upon which relief may be granted.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Buehl may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 7th day of June, 2017.


    */s/ Jeremiah C. Lynch*
    Jeremiah C. Lynch
    United States Magistrate Judge

---

[1]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

8